```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
                                :   Case Number
              vs.               :   1:10-CR-00249
                                :   (Judge Caldwell)
REYNARD VIRGIL ROBINSON, JR.,   :
              Defendant         :
```

TRANSCRIPT OF PROCEEDINGS
IN RE: CHANGE OF PLEA

Before: HONORABLE WILLIAM W. CALDWELL

Date  : January 25, 2011; 10:03 a.m.

Place : Courtroom Number 1, 9th Floor
        Federal Building
        228 Walnut Street
        Harrisburg, Pennsylvania

COUNSEL PRESENT:

    UNITED STATES ATTORNEY'S OFFICE
    BY:  JOSEPH J. TERZ, ASSISTANT U.S. ATTORNEY

        For - Government

    FEDERAL PUBLIC DEFENDER'S OFFICE
    BY:  HEIDI R. FREESE, ESQ.

        For - Defendant

ALSO PRESENT:

    DANIEL KARHNAK, U.S. PROBATION OFFICER

                                Lori A. Shuey, RMR, CRR
                                U.S. Official Court Reporter

...
...

1  MR. TERZ: Your Honor, this is the time and place for
2  the change of plea in the United States of America versus
3  Reynard Virgil Robinson, Jr. The matter is docketed at
4  CR-10-249-01. Mr. Reynard Robinson appears before Your Honor
5  this morning along with his counsel, Ms. Heidi Freese.
6  THE COURT: Okay. Is there a plea agreement?
7  MR. TERZ: There is a plea agreement, Your Honor, that
8  has been filed with the Court and signed by the parties.
9  THE COURT: For the record, would you outline the
10 terms of that plea, the pertinent terms of that plea agreement?
11 MR. TERZ: I will, Your Honor. Your Honor, the
12 essential terms of the plea agreement are as follows:
13 The defendant agrees to plead guilty to Count 7, which
14 charges the defendant with knowingly carrying, using,
15 possessing a firearm during, in relation to, and in furtherance
16 of a drug trafficking crime, in violation of Title 18, Section
17 924, Subsection C.
18 The maximum penalty provided by law for this offense
19 is a term of imprisonment of up to life, a fine of up to
20 $250,000, a term of supervised release, a $100 special
21 assessment, and the loss of certain federal benefits. This
22 offense also carries a mandatory minimum sentence of five
23 years.
24 The plea agreement also provides that at the time of
25 the guilty plea the defendant shall admit to the Court that he

is, in fact, guilty of the offense charged in Count 7. The plea agreement provides that the defendant would receive a three-level reduction for acceptance of responsibility.

Your Honor, this plea agreement is a stipulated sentence plea agreement pursuant to 11(c)(1)(C). The Government and the defendant agree that the defendant's sentence should be 216 months, or 18 years, a term of supervised release of three years, and a special assessment of $100.

The parties have entered into this provision as set forth in the plea agreement because the parties agree that this sentence is a reasonable sentence under the facts and circumstances of the case. The plea agreement provides that if the Court does not accept this stipulated sentence, either the defendant or the United States has the right to withdraw from the plea agreement.

Finally, Your Honor, the plea agreement does contain an appellate waiver in which the defendant knowingly and voluntarily waives his right to appeal the sentence and conviction. However, I would note for the record that the plea agreement does not contain a waiver of the defendant's rights to collaterally attack the sentence and conviction.

Those, Your Honor, are the essential terms of the plea agreement.

THE COURT: All right. Did you look at the guideline

1 range in connection with this matter?
2      MR. TERZ:  I did, Your Honor.  The guideline range for
3 Count 7 is 262 to 327.
4      THE COURT:  And the 11(c)(1)(C) is 216.  Is that what
5 you said?
6      MR. TERZ:  That's correct, Your Honor.
7      THE COURT:  Ms. Freese, does that adequately describe
8 the terms of the plea agreement?
9      MS. FREESE:  Yes, Your Honor.  I would just further
10 note that the guideline range cited by the Government is taking
11 into account the acceptance of responsibility.  Had he
12 proceeded to trial, on that count alone, the range was actually
13 360 to life.
14      THE COURT:  Okay.  Mr. Robinson, good morning, sir.
15      THE DEFENDANT:  Good morning.
16      THE COURT:  Before I can accept your plea to Count 7
17 of this indictment, I must be sure that you're aware of all the
18 rights that you have in connection with this matter.  I'm sure
19 Ms. Freese has been over this with you, but I must be
20 satisfied, as well, so I'm going to ask you some questions.  I
21 want you to respond under oath, and I'll ask that you be sworn
22 to testify at this time.
23    REYNARD VIRGIL ROBINSON, JR., called as a witness, having
24 been duly sworn or affirmed, testified as follows:
25                           EXAMINATION

5

Robinson Change of Plea

1   BY THE COURT:
2   Q.  Mr. Robinson, how old are you, sir?
3   A.  29 years old.
4   Q.  And where is your home?
5   A.  Harrisburg.
6   Q.  And what's the extent of your education?
7   A.  I have a GED.
8   Q.  Your trial on this indictment is scheduled for April the
9   18th, and if you didn't wish to proceed this morning to plead
10  guilty under this plea agreement, you could go to trial on the
11  18th on all of the charges in the indictment, and you couldn't
12  be convicted of any of those charges unless a jury of 12 people
13  would all agree that you had been proven to be guilty of one or
14  more of the offenses.  Do you understand that alternative that
15  exists at this moment?
16  A.  Yes.
17  Q.  Had you elected to go to trial on the 18th of April, the
18  Government would have to confront you here in court with its
19  witnesses and evidence, and you, through counsel, could
20  cross-examine the Government's witnesses.
21          Because you're pleading guilty this morning, however,
22  the Court will not hear any testimony from witnesses and will
23  not receive evidence and your guilt on Count 7 will be based
24  upon your admission here in court this morning that you did
25  engage in the conduct alleged in that count.  Do you understand

1 that?
2 A. Yes.
3 Q. Up to this point you've been presumed to be innocent of any
4 offense, but by pleading guilty, you give up that presumption
5 and you also agree that the Government's evidence on Count 7,
6 if presented to a jury, would be sufficient to prove your guilt
7 beyond a reasonable doubt. Do you understand that, as well?
8 A. Yes.
9 Q. Had you elected to go to trial, you could compel any
10 witnesses to come to court who might have evidence that would
11 favor your defense. You could also testify in your own
12 defense. But if you chose to remain silent and exercise your
13 rights, a jury would be instructed that it may not infer guilt
14 or any other adverse inference from your decision not to
15 testify. Do you understand that, as well?
16 A. Yes.
17 Q. This is a -- what we call an 11(c)(1)(C) agreement in which
18 the sentence that has been agreed upon is 216 months'
19 imprisonment. Do you understand that, sir?
20 A. Yes.
21 Q. I'm going to -- well, one more question. You're also
22 giving up your right to appeal the conviction this morning and
23 the sentence that will be imposed later and you are allowed to
24 do that. Do you understand that you are giving up your right
25 to appeal your sentence and your conviction?

Robinson Change of Plea

1  A.  Yes.
2  Q.  You can raise complaints about your attorney or anything
3  else in a collateral proceeding, but you can't appeal on the
4  basis that your guilty plea was not properly entered and
5  accepted by the Court.  Do you understand that?
6  A.  Can I ask my attorney?
7         THE COURT:  Sure.
8      (Ms. Freese and the Defendant confer.)
9         MS. FREESE:  He just wanted to clarify with me the
10 appellate waiver, and I think he's -- do you have any other
11 questions about the appeal waiver, Mr. Robinson?
12        THE DEFENDANT:  No, I just -- I just wanted to know if
13 that was right.
14 BY THE COURT:
15 Q.  You also filed a motion -- actually, it was a letter you
16 wrote to me.  You were dissatisfied with Ms. Freese's
17 representation.  Do you remember that?
18 A.  Yes.
19 Q.  By pleading guilty this morning, you're not going to be
20 able to pursue that request for another attorney.  Do you
21 understand that?
22 A.  Yes.
23 Q.  You can complain later, if you want to, about some things
24 that might have happened, but at this point that's an issue
25 that's not going to be addressed.  Do you understand that?

A.   Yes.

THE COURT:  I'm going to ask Mr. Terz to outline the Government's evidence against you on this count, Count 7.  I want you and Ms. Freese to listen carefully to what he says, because when he's finished, I'll ask you whether he has fairly summarized your conduct, and if you have any disagreement or want to qualify anything that he says, I want you or Ms. Freese to feel free to bring that to my attention.  Mr. Terz.

MR. TERZ:  Thank you, Your Honor.  Your Honor, had this matter proceeded to trial, the Government would have established the following:

On or about June 8th of 2010 in Harrisburg, Pennsylvania, the Harrisburg Police Department arrested Mr. Robinson.  During the arrest of Mr. Robinson, Mr. Robinson was pulled out of a vehicle.  As he was patted down, he was found to be in possession of a loaded silver .380 handgun. This handgun was removed from Mr. Robinson's waistband.

The police officers also found Mr. Robinson in possession of 28 individually wrapped rocks of crack cocaine, which weighed approximately four grams.  The Government would have introduced evidence that the amount of crack and the manner in which the crack was packaged was consistent with the distribution and sale of the crack cocaine.

The Government would have also established that the defendant's possession of the firearm, specifically the .380,

9

Robinson Change of Plea

the loaded .380 handgun inside his waistband, was consistent and, in fact, was evidence that the defendant was possessing the firearm in connection with, in relation to, and in furtherance of drug trafficking.

       Those, Your Honor, are the essential facts that the United States would have established had the matter proceeded to trial.

       THE COURT: What were the circumstances about his arrest? What happened?

       MR. TERZ: Your Honor, the defendant was arrested when he was identified -- as he was driving by in a vehicle, he was identified. There were four outstanding felony warrants for the defendant. So once the officers identified who he was, they pulled the car over during a traffic stop to execute those outstanding arrest warrants.

       THE COURT: Okay. Is that, Ms. Freese, a fair summary of the situation as far as you know?

       MS. FREESE: It is, Your Honor.

BY THE COURT:

Q. Mr. Robinson, is that a fair summary that Mr. Terz has given me?

A. Yes.

Q. By pleading guilty to Count 7, I want you to be aware that you would no longer be able to contest the validity of the stop or your arrest or your search or whatever else happened at that

Robinson Change of Plea

1  scene.  Do you understand that?
2  A.  Yes.
3  Q.  You're giving up that right.  Other than what is in your
4  plea agreement, do you have any questions about anything?  Is
5  there anything that I might explain to you that you don't
6  understand at this point?
7  A.  No.
8  Q.  Do you think you understand things?  I think you probably
9  do.  Other than what is in your plea agreement, has anybody
10 promised you anything in connection with your decision to plead
11 guilty to Count 7 this morning?
12 A.  No.
13 Q.  Has anybody threatened you in any way to bring you to that
14 decision?
15 A.  No.
16 Q.  I'll ask you then, sir, how you plead to Count 7, guilty or
17 not guilty?
18 A.  Guilty.
19        THE COURT:  I think Mr. Robinson has made a voluntary
20 and an informed decision.  We will request the preparation of a
21 presentence report, ask that it be disclosed by March 21st,
22 2011, and then we will set a date for sentencing and any other
23 proceedings that might be required.
24        I think under the circumstances, I'll reserve judgment
25 on accepting the plea until I see the presentence report and

1  satisfy myself that the disposition is a fair one under all of
2  the circumstances.  Okay?  Anything further?
3          MR. TERZ:  Nothing further for the United States.
4          THE COURT:  Okay.  Thank you.
5          MS. FREESE:  Thank you, Your Honor.
6          MR. TERZ:  Thank you, Your Honor.
7      (Whereupon, the proceedings were adjourned at 10:16 a.m.)

```
1                    CERTIFICATION
2          I hereby certify that the proceedings and
3     evidence are contained fully and accurately in
4     the notes taken by me on the within
5     proceedings and that this copy is a correct
6     transcript of the same.
7          Dated in Harrisburg, Pennsylvania, this
8     1st day of September, 2011.
9
10
                       /s/ Lori A. Shuey
11                     Lori A. Shuey, RMR, CRR
                       U.S. Official Court Reporter
12                     United States Courthouse
                       228 Walnut Street, P.O. Box 983
13                     Harrisburg, PA  17108-0983
                       (717)215-1270
14
```