PJS:JJT:nl

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:CR-10-00249 |
| | ) | |
| v. | ) | |
| | ) | |
| REYNARD VIRGIL ROBINSON, JR., | ) | (CALDWELL, J.) |
| a/k/a "SNOWMAN," | ) | |
| a/k/a "TOO LOW," | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

**RESPONSE OF THE UNITED STATES TO REYNARD ROBINSON'S
MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

I.  **INTRODUCTION**.

On August 11, 2011, this Court sentenced Reynard Virgil Robinson, Jr. ("Robinson") to a term of imprisonment of 216 months in connection with his guilty plea to a violation of 18 U.S.C. § 924(c), a federal firearm charge.  On August 24, 2011, Robinson filed a timely notice of appeal.  In response, the United States filed a motion to dismiss the appeal on the grounds that in the plea agreement Robinson signed, he agreed to waive his appeal rights.  On January 19, 2012, the Court of Appeals for the Third Circuit dismissed the appeal.

On July 9, 2012, Robinson filed this habeas action in which he alleges his Sixth Amendment right to effective counsel was

violated when his attorney (a) allegedly failed to "adequately explain the appellate waiver"; (b) allegedly used Robinson's "fear of the federal system" to compel him to accept the plea agreement; and (c) failed to object to his career offender status at his sentencing.  § 2255 Motion, 5, 6.  For the reasons set forth below, Robinson's motion is meritless.


II.  **FACTS**.

    1.  **The Offense Conduct**.

On August 19, 2008, Robinson sold about .39 grams of crack cocaine to a confidential informant in the area of the 1200 block of Hanover Street in the City of Harrisburg.  Exhibit A, Presentence Report, ¶ 6.[1]  On August 26, 2008, Robinson sold about .30 grams of crack cocaine to a confidential informant in the 1200 block of Hanover Street.  Robinson was immediately taken into custody by the Harrisburg VICE unit.  The defendant was found to be in possession of the marked "buy" money and a police scanner.  He was released on bail.  PSR, ¶ 7.

On January 1, 2010, Robinson was stopped for a traffic violation in the area of 17th and Sycamore Streets in Harrisburg.

---

[1]   Filed under seal.

During the traffic stop, a Harrisburg Police officer noticed a baggie of cocaine inside the front breast pocket of Robinson's coat.  This plastic baggie contained five small baggies that contained crack cocaine.  After the discovery of the crack, police arrested and searched Robinson.  In his left inside jacket pocket they recovered a loaded magazine for a handgun.  From his right hip, police removed a fully loaded semi-automatic handgun. A records check on the handgun revealed it had been reported stolen.  The crack recovered from Robinson weighed about 1.8 grams.  During an inventory of the vehicle, two holsters and three police scanners were located.  He was released on bail. PSR, ¶ 8.

On June 8, 2010, the Harrisburg Street Crimes Unit arrested Robinson on four felony warrants.  During the arrest, Robinson was found to be in possession of a loaded .380 caliber handgun which was inside his waistband.  The defendant also possessed 28 individually wrapped rocks of crack cocaine which weighed approximately four grams.  PSR, ¶ 9.


   **2.  <u>The January 25, 2011, Rule 11 Guilty Plea Hearing</u>.**

On January 25, 2011, Robinson appeared before this Court to enter a plea of guilty pursuant to a written plea agreement.  The

plea agreement was a Federal Rule of Criminal Procedure
11(c)(1)(C) agreement in which both parties stipulated to a
sentence of 216 months.  PSR, ¶ 2.   Pursuant to the terms of the
plea agreement, Robinson agreed to plead guilty to Count 7 of the
Indictment which charged him with knowingly carrying and using a
firearm in relation to, and furtherance of a drug trafficking
crime, in violation of 18 U.S.C. § 924(c).  This offense carried
a maximum term of imprisonment of up to life.  If Robinson had
pleaded guilty to Count 7 without the benefit of the stipulated
216 months' sentence, he faced a guidelines sentence of 262 to
327 months.  PSR, ¶ 60.  Worse yet, if Robinson had rejected the
plea agreement his counsel negotiated with the government and
elected to go to trial, he faced a guidelines sentence of 622 to
687 months if convicted on all counts.  PSR, ¶ 62.

During the course of the guilty plea hearing, this Court
conducted a thorough colloquy to ensure Robinson was aware of his
rights and that his guilty plea was knowing and voluntary.  The
Court specifically advised Robinson that before the guilty plea
could be accepted, the Court had to "be sure that you're aware of
all the rights that you have in connection with this matter.  I'm
sure Ms. Freese has been over this with you, but I must be
satisfied, as well, so I'm going to ask you some questions."

-4-

Exhibit B, Guilty Plea Transcript,4.  Robinson was then placed under oath, and the Court proceeded to advise Robinson about his right to trial and that he could not be convicted unless a jury of twelve people would all agree he had been proven guilty.  Tr. 5.  The Court further advised Robinson that he was presumed innocent and that the government would have to prove at trial that he was guilty of the offenses charged beyond a reasonable doubt.  Tr. 6.

The Court then advised Robinson that by entering a plea of guilty, he was giving up his right to appeal his conviction and sentence:

THE COURT:          I'm going to--well one more question. You're also giving up your right to appeal the conviction this morning and the sentence that will be imposed later and you are allowed to do that.  Do you understand that you are giving up your right to appeal your sentence and your conviction?

THE DEFENDANT:  Yes.

THE COURT:          You can raise complaints about your attorney or anything else in the collateral proceeding, but you can't appeal on the basis that your guilty plea was not properly entered and accepted by the court. Do you understand that?

THE DEFENDANT: Can I ask my attorney?

THE COURT:          Sure.

-5-

(Ms. Freese and the Defendant confer).

> MS. FREESE:       He just wanted to clarify with me the
>                   appellate waiver, and I think he's--do you
>                   have any other questions about the appeal
>                   waiver, Mr. Robinson?
>
> THE DEFENDANT: No, I just--I just wanted to know if that was
>                   right.

Tr. 6, 7.

Later in the hearing, the Court asked Robinson, "[o]ther than
what is in your plea agreement, do you have any questions about
anything?  Is there anything I might explain to you that you
don't understand at this point?"  Tr. 10.  Robinson answered,
"no."  Id.  Then immediately prior to asking Robinson for his
plea to Count 7, the Court asked Robinson if he had been promised
anything in connection with the decision to plead guilty or
whether anyone threatened him in any way to cause him to plead
guilty.  Tr. 10.  In response to both questions, Robinson
answered, "no."  Id.

    After this exchange, Robinson pleaded guilty to Count 7.  In
light of Robinson's responses, the Court found that "Robinson has
made a voluntary and an informed decision."  Tr. 10.

III.  **ARGUMENT**.

   A.  **ROBINSON CANNOT MEET HIS BURDEN OF SHOWING DEFICIENT PERFORMANCE BY HIS COUNSEL AND PREJUDICE TO HIMSELF FOR HIS COUNSEL'S ALLEGED INEFFECTIVE PERFORMANCE**.

To prevail on his claim of ineffective assistance of counsel, Robinson must meet the two-prong test established by the Supreme Court in United States v. Strickland, 466 U.S. 668 (1984).  First, Robinson must show that his counsel's representation fell below an "objective standard of reasonableness" under "professional norms."  Id.  In assessing counsel's competence, "[j]udicial scrutiny of counsel's performance must be highly deferential."  Strickland, 466 U.S. at 689.

Second, Robinson must "affirmatively prove prejudice" by demonstrating "a reasonable probability that, but for counsel's ineffectiveness, the result would have been different."  Id.  Notably, in the context of a guilty plea, this prejudice prong requires a defendant to show that "but for counsel's errors, he would not have pled guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

-7-

**B.   DEFENSE COUNSEL NEGOTIATED A SUBSTANTIALLY REDUCED SENTENCE FOR ROBINSON THEREBY SHOWING SHE WAS NOT DEFICIENT.**

The record in this case shows that if Robinson, a career offender, had proceeded to trial and been convicted of all counts, he faced a mandatory ten-year term of imprisonment and an advisory guidelines range of 622 to 687 months.  PSR, ¶ 62. Robinson's counsel, however, negotiated a substantially reduced sentence.  In fact, she not only negotiated a plea to Count 7 which carried a guidelines range of 262 to 327 months, but a stipulated Rule 11(c)(1)(C) sentence of 216 months.  PSR, ¶¶ 2, 60.  Considering the strength of the government's case which government counsel set forth during the guilty plea hearing and which is also found in the pre-sentence report, the record unquestionably establishes that counsel capably assessed the strength of the government's case, considered the extraordinarily lengthy sentence Robinson faced if he went to trial, and ably negotiated a stipulated sentence of 216 months for a client who faced a guidelines range of 622 to 687 months.  In short, the results of counsel's efforts belie any assertion that she breached any "objective standard of reasonableness" under "professional norms."

-8-

C.   **THE RECORD BELIES ROBINSON'S CLAIM HIS GUILTY PLEA WAS INVOLUNTARY BECAUSE HE WAS COMPELLED INTO PLEADING GUILTY**.

Robinson claims that his defense counsel used his "fear of the federal system" to compel him to plead guilty. § 2255 Motion, 5. Yet, there is nothing in the record to support such a claim. In fact, Robinson's claim that counsel compelled him to plead guilty to a stipulated 216-month sentence when he was facing a strong government case and a term of imprisonment of 622 to 687 months is nonsensical. This absurdity aside, the record establishes the contrary. This Court conducted a thorough guilty plea colloquy, including, specifically advising Robinson about his right to a trial in lieu of pleading guilty. The Court then asked Robinson "[i]s there anything I might explain to you that you don't understand at this point?" Tr. 10. Robinson stated, "No." Id. Robinson also informed the Court that he had not been induced by promise or threat to plead guilty. Tr. 10.

Thus, the total lack of evidence of coercion or compulsion, in conjunction with Robinson's sworn statements,[2] critically

---

[2] As the Supreme Court has recognized, "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73, 74.

undermine Robinson's self-serving statement that he was compelled to plead guilty.

    **D.**    <u>**THE RECORD PROVIDES NO SUPPORT FOR ROBINSON'S ASSERTION THAT HIS COUNSEL DID NOT EXPLAIN THE APPEAL WAIVER.**</u>

Robinson also maintains that his conviction should be vacated because his counsel did not adequately explain the appeal waiver provision in the plea agreement.  Robinson's claim is a purely conclusory one.  Nowhere does he explain, identify, or even allege what about the appeal waiver he did not understand.  Moreover, this Court, prior to accepting Robinson's guilty plea, explained to Robinson that the plea agreement contained an appeal waiver and what the consequences of the waiver were.  Tr. 6.  The Court explained to Robinson that he was giving up his right to appeal his sentence and conviction.  Tr. 7.

Moreover, the record shows that Robinson consulted with his counsel about the appeal waiver.  Tr. 7.  In fact, after this consultation, counsel advised the Court, "he just wanted to clarify with me the appellate waiver . . .."  <u>Id.</u>  When asked by his counsel if he had any other questions about the appeal waiver, Robinson said, "[n]o, I just––I just wanted to know if that was right."  <u>Id.</u>

-10-

Therefore, Robinson cannot establish that his counsel did not adequately explain the appeal waiver.  In fact, the record shows the contrary.  Even if counsel had not adequately explained the waiver as Robinson alleges, the record clearly establishes the Court explained the waiver and its consequences.

### E.   ROBINSON FAILS TO ESTABLISH PREJUDICE BY ESTABLISHING THAT BUT FOR COUNSEL'S ALLEGED ERRORS, HE WOULD NOT HAVE PLEADED GUILTY.

Even if Robinson had somehow managed to establish the first Strickland prong, he does not allege, much less demonstrate that he was prejudiced by his counsel's alleged ineffectiveness.  In particular, Robinson does not allege he was prejudiced by his counsel's alleged failure to explain the plea waiver and his counsel's alleged intimidation.  Although Robinson does not state it, one can infer from Robinson's claims that if his counsel had properly explained the appeal waiver and not intimidated him, Robinson would not have signed the plea agreement and pleaded guilty.  Yet, Robinson does not allege, much less show, that but his counsel's ineffectiveness, he would have chosen to go to trial rather than plead guilty.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985).  As the Supreme Court has recognized, in instances where a defendant challenges the integrity of a guilty plea

-11-

through habeas corpus proceedings, the determination of whether a defendant was prejudiced depends on whether a defendant would have chosen to go to trial and whether he would have likely prevailed.  See Lockhart, 474 U.S. at 59.  In this case, Robinson makes no such showing.  In addition, as to the appeal waiver issue, by not explaining what he did not comprehend about the waiver, there is no meaningful way for this Court to find that Robinson was prejudiced, especially since the Court itself explained the appeal waiver to Robinson.

**F.    ROBINSON'S COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO CHALLENGE THE CAREER OFFENDER STATUS.**

Robinson maintains that his counsel was ineffective because she did not challenge his designation as a career offender.  § 2255 Motion, 6.  In particular, Robinson submits that two of the convictions used to determine his career offender status were convictions he received when he was younger than 18-years old, and therefore, should not have been included in the career offender determination.  Id.  The record shows that the career offender status was correctly calculated.  On October 1, 1998, Robinson was convicted of possession with the intent to distribute cocaine.  PSR, ¶ 24.  Although he was 16-years old at

the time, he was certified from juvenile to adult criminal court. Id.  The commentary to the guidelines states that "[a] conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which defendant was convicted." U.S.S.G. 4B1.2, Application Note 1 ("Prior felony conviction"). Therefore, this conviction qualified as an adult conviction.  His second drug-related felony conviction was dated February 9, 2004, when Robinson was 21-years old.  PSR, ¶ 29.  This was the second drug-related felony conviction that resulted in the career offender status.  In sum, his counsel was not ineffective for raising this objection and, in the alternative, there can be no prejudice because the objection would have been frivolous.


      **G.**   **ROBINSON IS NOT ENTITLED TO A HEARING.**

Robinson is not entitled to an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .."  28 U.S.C. § 2255.  When faced with a habeas corpus petition contesting a guilty plea, the motion can be dismissed without an evidentiary hearing if the allegations "when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently

-13-

frivolous or false as to warrant summary dismissal."  <u>Blackledge</u>
<u>v. Allison</u>, 431 U.S. 63, 76 (1977).  In this case, Robinson's
allegation reveal themselves to be "palpably incredible" and
"patently frivolous" when they are compared to the record.
Therefore, Robinson's § 2255 motion should be denied.


**III.  <u>CONCLUSION</u>.**

        For the foregoing reasons the Motion for Relief Pursuant to
Title 28, United States Code, Section 2255 should be denied.


                          Respectfully submitted,

                          PETER J. SMITH
                          United States Attorney


                           /s/ Joseph J. Terz
                          Joseph J. Terz
                          Assistant U.S. Attorney
                          Attorney I.D. PA55480
                          228 Walnut Street, Suite 220
                          P.O. Box 11754
                          Harrisburg, Pennsylvania  17108-1754
                          (717) 221-4482
                          (717) 221-4493 (Facsimile)
                          joseph.terz@usdoj.gov (eMAIL)


Date:  October 11, 2012




                              -14-

PJS:JJT:nl

### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:CR-10-249 |
| | ) | |
| v. | ) | |
| | ) | |
| REYNARD VIRGIL ROBINSON, JR., | ) | (CALDWELL, J.) |
| a/k/a "SNOWMAN," | ) | |
| a/k/a "TOO LOW," | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on this 11th day of October, 2012, she served a copy of the attached

**RESPONSE OF THE UNITED STATES TO REYNARD ROBINSON'S
MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

by placing a copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

       Reynard Virgil Robinson, Sr.
       Inmate No. 69544-067
       U.S.P. BIG SANDY
       P.O. Box 2068
       Inez, Kentucky  41224

                    s/ Naomi Losch
                    Naomi Losch
                    Legal Assistant