IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
: CRIMINAL NO. 1:CR-10-0249
REYNARD VIRGIL ROBINSON, JR., :
Defendant :
:
:
:

*M E M O R A N D U M*

I. *Introduction*

Defendant, Reynard Virgil Robinson, Jr., has filed a pro se motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. He claims trial counsel was ineffective: (1) in not explaining to him the appellate waiver in his plea agreement; (2) in using Defendant's "fear of the federal system" to induce him to plead guilty; and (3) in not challenging his designation as a career offender when two of his three prior qualifying convictions occurred before he was eighteen years old.

We ordered the government to file an answer to the motion and gave Defendant an opportunity to file a reply brief. The government filed an answer, and Defendant filed no reply. For the reasons set forth below, the motion will be denied.

II. *Background*

On September 1, 2010, Defendant was named in an eight-count indictment charging him with: (1) four counts of possession with intent to distribute, and distribution

of, cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (2) two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (3) two counts of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1).

On January 15, 2011, Defendant executed a written plea agreement, agreeing to plead guilty to Count VII of the indictment, one of the counts charging him with possession of a firearm in furtherance of a drug-trafficking crime. (Doc. 29, plea agreement ¶ 1). In paragraph 11 of the agreement, Defendant and the government agreed pursuant to Fed. R. Crim. P. 11(c)(1)(C), that his sentence would be 216 months (eighteen years). (*Id.* ¶ 11). Defendant also agreed to waive his right to a direct appeal:

> Appeal Waiver. The defendant is aware that Title 18, United
> States Code, Section 3742 affords a defendant the right to
> appeal the conviction and sentence imposed. Acknowledging
> all of this, the defendant knowingly waives the right to appeal
> any conviction and a sentence imposed as set forth in
> paragraph 11, on any and all grounds set forth in Title 18,
> United States Code, Section 3742, or any other grounds,
> constitutional or non-constitutional . . . .

(*Id.* ¶ 19)(in pertinent part).

Defendant signed the agreement under a paragraph stating: "I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it." His attorney also signed it under a paragraph stating: "I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one." (*Id.*, p. 22).

On January 25, 2011, a change-of-plea hearing was held.  In outlining the terms of the plea agreement, the prosecutor mentioned the appellate waiver, "in which the defendant knowingly and voluntarily waives his right to appeal the sentence and conviction."  (Doc. 42, change-of-plea transcript, p. 3).  Under Fed. R. Crim. P. 11, the court conducted a guilty-plea colloquy with Defendant.  As part of the colloquy, the court questioned Defendant about the appellate waiver:

> Q.  I'm going to -- well, one more question.  You're also giving up your right to appeal the conviction this morning and the sentence that will be imposed later and you are allowed to do that.  Do you understand that you are giving up your right to appeal your sentence and your conviction?
>
> A.  Yes.
>
> Q.  You can raise complaints about your attorney or anything else in a collateral proceeding, but you can't appeal on the basis that your guilty plea was not properly entered and accepted by the Court.  Do you understand that?
>
> A.  Can I ask my attorney?
>
> THE COURT:  Sure.
>
> ([trial counsel] and the Defendant confer.)
>
> [TRIAL COUNSEL]:  He just wanted to clarify with me the appellate waiver, and I think he's -- do you have any other questions about the appeal waiver, Mr. Robinson?
>
> THE DEFENDANT: No, I just -- I just wanted to know if that was right.

(*Id.*, pp.  6-7).  Defendant also denied that he was promised, or threatened with, anything to plead guilty.  (*Id.*, p. 10).

On August 11, 2011, Defendant was sentenced to 216 months of imprisonment, in accord with the parties' agreement, and three years of supervised release.  Despite having waived his right to a direct appeal, Defendant, represented by new counsel, filed an appeal.  The government moved to dismiss the appeal, based on the appellate waiver.  Defendant opposed the motion, arguing that: (1) his guilty plea was not voluntarily entered because the government had threatened him with additional prison time and the other counts in the indictment; and (2) trial counsel was ineffective "by failing to adequately explain the appellate waiver and in using his fear of the federal system to make him accept the plea agreement."  *United States v. Robinson*, No. 11-3315 (3d Cir.)(Response, filed Dec, 29, 2011, to Govt.'s Mot. to Dismiss ¶¶ 8-9).  On February 3, 2012, the Third Circuit granted the government's motion.

III.  *Discussion*

Sixth Amendment claims of ineffective assistance of counsel are governed by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  *Strickland* sets forth a two-prong test.  First, a defendant must show that counsel's performance was deficient, *McBride v. Superintendent, SCI-Houtzdale*, 687 F.3d 92, 102 (3d Cir. 2012)(quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064), meaning that counsel's performance "'fell below an objective standard of reasonableness.'"  *Id.* (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064).  Second, counsel's deficient performance must have "'prejudiced the defense'", *id.* at 102 n.11 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064), meaning that there is "'a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068).

Defendant's first claim is that trial counsel was ineffective in not explaining to him the appellate waiver in his plea agreement. We reject this claim. It fails on both prongs of *Strickland*. First, as the government argues, Defendant does not specify in what way his counsel failed to explain the appellate waiver and hence does not show how counsel's performance was deficient. Moreover, there is nothing in the record to support this contention. The appellate waiver was in the plea agreement, with Defendant acknowledging in the agreement that he had reviewed it with his attorney, along with the other provisions. Additionally, at the change-of-plea hearing, the court raised the waiver with Defendant, and Defendant indicated he understood the waiver, after discussing it with counsel at the hearing. Second, Defendant has not alleged he suffered any prejudice from the alleged failure of counsel to explain the waiver to him.

On a direct appeal, the Third Circuit will enforce an appellate waiver if it was "entered into knowingly and voluntarily" and does not "work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). Applying that standard here, we see no merit in Defendant's first claim of ineffectiveness.

Defendant's second ineffectiveness claim is that counsel used Defendant's "fear of the federal system" to induce him to plead guilty. This claim is meritless. As the government points out, Defendant denied at the change-of-plea hearing that he had been threatened in any way to enter his guilty plea. We add that the claim is not specific

enough.  Vague and conclusory allegations are insufficient for a section 2255 motion. *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

Defendant's third ineffectiveness claim is that trial counsel failed to challenge his designation as a career offender when two of his three prior qualifying convictions occurred before he was eighteen years old.  This claim also lacks merit.

Defendant qualified as a career offender under U.S.S.G. § 4B1.1(a)(2010) because of three state convictions.[1]  The first one was a conviction for possession with intent to deliver cocaine.  Defendant was sixteen at the time, but the presentence report (PSR) indicates the case had been transferred to adult criminal court, and Defendant was sentenced to a term of imprisonment.  (PSR ¶ 24).  The second one was a conviction for unlawful delivery of cocaine and possession with intent to manufacture or deliver cocaine.  Although Defendant was seventeen at the time, and there is no indication of a transfer to adult court, the conviction was in the Court of Common Pleas and not in juvenile court.  (PSR ¶ 25).  The third one was a conviction for possession with intent to manufacture or deliver marijuana when Defendant was twenty-one.  (PSR ¶ 29).

We believe all three are prior felony convictions, but Defendant only needs two of them for career offender status.  The third conviction plainly counts because Defendant was an adult.  The first conviction also counts because Defendant was transferred to adult court.  As the government points out, application note 1 to U.S.S.G. §

---

[1]  Defendant was sentenced under the 2010 guidelines, so we refer to the 2010 sentencing guidelines manual.

4B1.2, the definitional section for section 4B1.1, says: "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which defendant was convicted . . . ." *See also United States v. Allen*, 208 F. App'x 189, 190 (3d Cir. 2006)(nonprecedential)(New Jersey conviction for an aggravated assault when the defendant was under eighteen counted as a prior felony conviction for career offender status when the case had been "'waived' to adult court and treated as an adult conviction under New Jersey law). Defendant therefore qualified as a career offender.

IV. *Conclusion.*

Having considered all of the claims, we will issue an order denying the 2255 motion. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 13, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　　　:
　　　　　　　　　　　　　　　　　　:
　　vs.　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　CRIMINAL NO. 1:CR-10-0249
REYNARD VIRGIL ROBINSON, JR.,　　:
　　　　Defendant　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:

*O R D E R*

AND NOW, this 13th day of December, 2012, it is ordered that:

1.  Defendant's motion (Doc. 45) under 28 U.S.C. § 2255 to vacate his conviction and sentence is denied.

2.  A certificate of appealability is denied.

3.  The Clerk of Court shall close this file.


/s/William W. Caldwell
William W. Caldwell
United States District Judge