Reynard Robinson SR.
Fed. Reg. No 69544-067
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 759
Minersville, PA 17954

FILED
HARRISBURG, PA
JUL 20 2020
PER _____ MW
DEPUTY CLERK
Case No. 1:10-CR-00249-01

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>VS.<br>REYNARD V. ROBINSON, SR.,<br>Defendant. | Emergency Motion For Compassionate Relief Due to Coronavirus and The Economic Security Act ("Cares Act") And The First Step Act. |

Comes now Reynard Robinson SR, in a pro se capacity and respectfully files this motion for release under section 12003 (b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES ACT") grants discretion to the BOP to place inmates on home confinement for a longer term under 18 U.S.C. 3624 (c)(2). The BOP's discretion is guided by criteria listed in the memorandum from Attorney General William Barr.

Attorney General William Barr released an Covid-19 care act memorandum, dated March 26, 2020. Given the exceptional circumstances of the current Coronavirus Pandemic, Mr. Robinson files this as an Emergency Motion and invokes Bureau of Prisons Program Statement 5050.50.

On December 21, 2018 Congress passed, and the President signed into law The "First Step Act of 2018", which among other things, changed the law governing Compassionate Release under title 18 U.S.C. 3582 and 4205 (g). Among those changes a prisoner may petition the sentencing court for compassionate release/reduction in sentence after the warden of prisons fails to respond to prisoner's request, or after the prisoner has exhausted Administrative

1

remedies 28 CFR 571.61-62. Moreover, an appeal process may take up to more than a year and by that time the coronavirus would have claimed more victims inside the prison system.

Given the current events of the Coronavirus Pandemic, Mr. Robinson is gravely concerned and for good reason, that he'll get infected by the virus while in the custody of the Bureau of Prison's. The Bureau of Prisons ("BOP") has reported that numerous inmates have died. The first inmate casualty being Patrick Jones (BOP-83582-18) who died as a result of the Coronavirus on March 28, 2020.

These numbers continue to rapidly increase daily. More than 100 inmates in one prison alone, FCI Oakdale, were under Quarantine and dozen's of staff members have tested positive for the virus. Thousand of inmates nationwide are infected. Further proving the BOP is not equipped with adequate staff personel nor medical supplies needed to control the rapid spread of a virus of this magnitude. See 18 U.S.C. 4042 Duties of The Bureau of Prison's; (2) Provide suitable quarters and provide for the safe-keeping, care, and subsistence of all person's charged with or convicted of offenses against The United States, or held as witness or otherwise, (3) provide for the protection...

In fact, the union representing Bureau of prison's officers file' a complaint with the Occupational safety and health Administration against the Bureau of prison's, stating officials were "proliferating the spread of a known and deadly contagion both within our prison and to our surrounding communities."

Already, Jurisdictions around the country have begun releasing prison populations that are susceptible to covid-19 exposure. See E.G., L.A. county Releasing some inmates from Jail to Combat Coronavirus, L.A. Times, March 16, 2020, Available at: HTTP://www.latimes.com/California/story/2020-03-16/La-Jail-population arrests-

down — amid coronavirus; NYC board of corrections calls on city to begin process of releasing certain prisoners in response to covid-19 sentencing law and policy blog, available at: HTTP://sentencing.Typepad.com/sentencing_law_and_policy/2020/03/NYC-board of correction calls-on-city-to-begin-the process-of-releasing-certain-prisoners-ASAP-in-RE.HTML.

In response to the mounting panic, U.S. Attorney General William P. Barr in early April directed federal prisons officials to accelerate and expand early release programs for the sickest inmates. Hence, release under 18 U.S.C. 3624(c) is particularly warranted in this case because Mr. Robinson does not present substantial risk to the community because upon his release he will be on (3) three years of supervised release.

This, court has supervisory powers to consider the rapid changing of the world's conditions and protect the safety of Mr. Robinson. The Bureau of Prisons is not A Hospital and will not give him the adequate care once he becomes infected. The highly contagious via attacks the respiratory system and can be extremely deadly to persons with weak immune systems. There is no cure nor vaccine for coronavirus if Mr. Robinson contracts it.

Mr. Robinson, is beyond worried with thoughts of imminent danger if in fact he's infected with this deadly virus. He's at "high risk" according to the Center for Disease Control. Mr. Robinson's, risk for infection is heightened by the grubby conditions inside the BOP, where there are currently hundreds of confirmed positive inmates, as hundreds of other inmates are under Quarantine. Due to the prison being at it's Apex, makes it impossible for Mr. Robinson to effectively social distance himself from other inmates in such close proximity of his peers.

Mr. Robinson, has learned significantly from his blunders that

brought him to his stern federal sentence. He's currently serving an (216) month sentence (18 years) which he has nearly (11) years served on his sentence with a projected release date of 10-9-2025.

He has (10) children, who he has missed a vast majority of their lives due to the mistakes he's made in the past. Mr. Robinson has not just been wasting time while confined. He has completed nearly forty (40) BOP programs, dealing with drug abuse, parenting skills and anger management. He has also successfully completed the religious based (18) month Life Connections Program (L.C.P.) at U.S.P. Leavenworth in Kansas.

L.C.P. is the longest program the BOP offers and was established by former President George Bush Sr.

Throughout the 10 years Mr. Robinson has been incarcerated he has stayed out of trouble, and has "NEVER" had an incident report filed on him nor any disciplinary actions against him. This can be verified via central files along with all of his prison program accolades.

Mr. Robinson has readied himself by earning an publishing contract as an Author for an Urban publishing company where he has already published an Urban book trilogy that's being sold in book stores and on the largest on-line book retailer Amazon.com. Upon release Mr. Robinson plans to continue his promising book writing career with plans of starting his very own publishing company with the revenue earned from the thousands of books sold from his Urban trilogy.

If granted relief Mr. Robinson already has housing set up at the home he shares with his long time helpmate (wife) and their two daughters. Mr. Robinson has standing to bring this motion and does not need to prove he will die in prison.

The court is aware of the major pandemic that is rapidly spreading all over the world. Mr. Robinson deserves mercy with the ("CARES ACT") and the First Step Act, Congress emphasized the imperative of reducing unnecessary incarceration and avoiding unduly punitive sentences that do not serve the ends of Justice. United States v. Simms, no. 07-CR-00874, 2019 WL 1760840. At *8 (E.D.N.Y Apr, 22nd 2019).

The New York Times has explained that prisons are a much more dangerous place to be than a cruise ship. Soap and proper hygiene products are only available if one can purchase it through the prison canteen. Accordingly, because he qualifies for compassionate relief under The First Step Act of 2018 3624, and the BOP cannot protect him pursuant to 18 U.S.C. 4042.

The current conditions militate strongly in favor of granting compassionate relief. See U.S. v. Franklin Campos (EDNY 93-CR-1022) granting Campos, serving a LIFE sentence to compassionate release. Also, noted Mr. Robinson seeks compassionate release to also care for his aging and internally ill Mother Janice Rose, who was diagnosed with the deadly disease "Lupis" nearly two decades ago. Mrs. Rose complications from Lupis are stringent and requires a live-in care giver due to Mrs. Rose being separated from her husband for nearly five years now.

Mrs. Rose's other three children cannot provide 24 hour care for her due to her oldest son Vincent Robinson Jr currently incarcerated in County prison. Her second oldest daughter Ebony Robinson is currently serving an 18 month stint at a drug rehab facility. And her oldest daughter Niiyma Silva is overwhelmed raising four son's one who is mentally challenged deeming her unable to care for her ill stricken mother. If released Mr. Robinson

5

can be his mother's live-in care giver where he can assist her getting in and out of bed. Prepare her meals, help her to and from the bathroom due to MRS. Rose being partially disabled from having her entire right hip replaced in June, 2020.

If given relief Mr. Robinson has a home to be released to, employment in placed where he will be financially compensated by Social security for being his mother's primary care-giver.

Wherefore, I respectfully request that this Honorable court give Mr. Robinson meaningful consideration and grant this motion in the name of Justice or Any relief this court Deems appropriate.

Respectfully Submitted,
Reynard Robinson

July 13, 2020
Reynard Robinson SR.
Reg. No. 69544-067
Federal Correctional Institution
P.O. Box 759
Minersville, PA 17954

6

ROBINSON, Reynard
Reg. No. 69544-067
Unit 4-A
Request to Staff Response
Page 1 of 1

RESPONSE

This is in response to your Request to Staff received on June 14, 2020, in which you request "to apply for the covid 19 care act" in accordance with Attorney General William Barr's Memorandum, dated March 26, 2020.

The BOP is taking extraordinary measures to contain the spread of the Coronavirus and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. Currently, section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") grants discretion to the BOP to place inmates on home confinement for a longer term under 18 U.S.C. 3624(c)(2). The BOP's discretion is guided by criteria listed in the memorandum from the Attorney General.

Review reveals you are not appropriate for release under the CARES Act. Specifically, you have a "High" risk of recidivism. It has also been determined the conditions of your proposed release present a significantly higher risk for exposure to COVID-19 than your current incarceration at FCI Schuylkill.

Your request was also reviewed in accordance with Program Statement, 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. 3582 and 4205(g). Your request does not meet criteria for Compassionate Release/Reduction in Sentence at this time. You did not provide information regarding circumstances or criteria for Compassionate Release/Reduction in Sentence or a release plan. In addition, your medical history does not meet the criteria regarding a Compassionate Release/Reduction in Sentence for inmates with medical conditions. You are currently able to independently adapt to activities of daily living and are able to perform self-maintenance activities in a correctional environment.

Accordingly, your request for Home Confinement based on concerns about COVID-19 or Compassionate Release/Reduction in Sentence is denied.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

Scott Finley, Warden

7/10/20
Date

Keynard Robinson 61077-067
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954

RECEIVED
HARRISBURG, PA
JUL 2 0 2020
PER _____ MW _____
DEPUTY CLERK

JUL 1 6 2020

To: Peter Welsh
Clerk Of The Court
U.S. Courthouse
228 Walnut St.
Harrisburg, PA 17108