Reynard Robinson SR.
Reg. No# 69544-067
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954

(1)

Case No. 1:10-CR-00249-01

FILED
HARRISBURG, PA
MAY 24 2022
PER [signature] DEPUTY CLERK

United States District Court For
The Middle District Of Pennsylvania

United States Of America
Plaintiff

Vs

Reynard Robinson, SR.
Defendant

Emergency Motion for Compassionate Relief due to Coronavirus and the Economic Security Act ("cares Act") And the first step Act.

Comes now Reynard Robinson SR, in A Pro se capacity and respectfully files this motion for release under section 12003 (b)(2) of the coronavirus Aid, relief and Economic security Act ("cares Act") grants discretion to the BOP to place inmates on home confinement for A longer term under 18 U.S.C. 3624 (c)(2). The BOP's discretion is guided by criteria listed in the memorandum from attorney General William Barr.

Attorney General William Barr released an covid-19 care act memorandum, dated March 26, 2020. Given the exceptional circumstances of the current coronavirus Pandemic, Mr. Robinson files this as an Emergency motion and invokes Bureau of Prisons Program statement 5050.50.

On December 21, 2018 Congress passed, and the President signed into law The "First step Act of 2018", which among other things, changed the law governing Compassionate release under title 18 U.S.C. 3582 and 4205 (g). Among those changes a prisoner may petition the sentencing court for compassionate release/reduction in sentence after the warden of prisons fails to respond to prisoners request, or



after the prisoner has exhausted Administrative remedies 28 CFR 571.61-62. Moreover, an appeal process may take up to more than a year and by that time the coronavirus would have claimed more victims inside the prison system.

Given the current events of the Coronavirus Pandemic, Mr. Robinson is gravely concerned and for good reason that he'll get infected by the numerous new strains, and deadly variants such as BA.1 and BA.2. These two new variants are spreading at a rapid pace causing nearly 100 million new cases of coronavirus infection.

The prison, FCI Schuylkill where Mr. Robinson is currently incarcerated at has just moved back into the "Yellow" phase due to the coronavirus cases rising in the surrounding counties.

Mr. Robinson was sentenced on August 11th, 2011 to a term of imprisonment of 216 months. He has served more than a 144 months of that sentence and currently has a projected release date of October 9, 2025. He is dedicated to change and returning to society and his family a fully rehabilitated man.

Mr. Robinson's request for compassionate release / reduction in sentence is due to the strong compelling reason's of his ill mother Janice Rose who needs assistance in her home. Mr. Robinsons other reasons for compassionate release is due to the incessant lock-downs for Covid-19 leaving Mr. Robinson locked in a cell for months at a time, with no commissary items due to only being permitted to purchase stamps and batteries during these long perpetual lock downs.

Mr. Robinson first submitted a request for compassionate release on June 14, 2020, to the warden at FCI Schuylkill, requesting release from custody. The warden



considered his request for a transfer to home confinement and under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A). The warden did not grant the request. Id. Mr. Robinson thereafter submitted a request for relief with this court, which appointed the office of the Federal Public Defender for the middle District of Pennsylvania to represent Mr. Robinson in connection with the request.

This brief is offered in support of Mr. Robinson's request for a reduction in his sentence under 18 U.S.C. § 3582 (c)(1)(A). Mr. Robinson included letters and prison records and program certificates of completion reflecting Mr. Robinson's good behavior in prison and low risk of recidivism. There were also a letter from Mr. Robinson himself to this court and letters of support from many others on the behalf of Mr. Robinson.

Whether the defendant is entitled to a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A) is the statement of the issue due to Mr. Robinson extraordinary prison record and the stringent grubby conditions of prison riddled with covid.

ARGUMENT

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), permits a court to reduce the sentence of any defendant - on motion of the defendant, if the U.S. Bureau of Prisons has refused to grant the defendant's request for a reduction within thirty days - if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Considerations relevant to this determination include the defendants "medical condition," "age", and "family circumstances," but may also include any other consideration bearing on the defendant's health



and well-being, as well as post offense conduct, efforts at rehabilitation, and societal ties. U.S.S.G § 1B1.13, app. notes; see also U.S.C § 994(t) (delegating authority to U.S sentencing Commission to define "extraordinary and compelling reasons"). Once a defendant is deemed eligible for a reduction, the court applies the sentencing factors set forth in 18 U.S.C § 3553(a) to decide upon the scope of the reduction. 18 U.S.C. § 3582 (c)(1)(A); U.S.S.G § 1B1.13.

A reduction is warranted in this case. Mr. Robinson's grubby living conditions, and constant covid lockdowns represents "extraordinary and compelling reasons" under the compassionate release statute and the sentencing factors of 18 U.S.C. §3553 (a) - including Mr. Robinson's efforts at rehabilitation and low risk of recidivism - support a significant reduction in his sentence. The motion should be granted, and Mr. Robinson's sentence reduced to time served.

"Extraordinary And COMPELLING REASONS" Exist for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).

The grounds supporting a reduction in Mr. Robinsons sentence are "extraordinary and compelling." Mr. Robinson's mother is ill and suffers from lupus, and is in need of a caregiver to provide her day to day assistance. Mr. Robinsons mother has no one else available to assist her full time due to the passing of her late husband Terry Rose who just suddenly died last November 2021. In addition, Mr. Robinson's fiancee, who is raising their two children on her own, is struggling with full time work and child care during these trying times. Releasing Mr. Robinson from prison will permit him to assist his mother and with caring for his children.

Other considerations confirm that this is an "extraordinary and compelling" case. Mr. Robinson has done extremely well in

prison. He has totally changed his way of thinking as is highlighted in his letters to the court. He has maintained employment throughout his incarceration, and has completed numerous vocational, educational, and wellness programs, which he has sent copies of all his certificates to the court. He successfully completed and excelled in the "Life Connections Program," a a challenging 18-month program the BOP's longest program that focuses on learning new skills and productive thinking patterns. He has become a GED tutor to assist other inmates in their studies to obtain their GED's. He has written numerous books becoming a best selling author on Amazon where his books are currently being sold. Mr. Robinson has not had ANY disciplinary issues his entire incarceration which can be confirmed via updated progress report and central file.

District courts have found circumstances such as these to constitute "extraordinary and compelling reasons" under the compassionate release statute, entitling the defendant to a reduction in sentence. See, e.g., United States v. Bucci, 409 F. Supp. 3d 1 (D. Mass. 2019) (granting release to care for ailing mother); United States v. Reyes, No. 04-CR-0970, 2020 WL 1663129 (N.D. Ill. Apr. 3, 2020) (reducing defendant's sentence based on his family circumstances, a sick aunt, and rehabilitation). This court should do the same.

The Sentencing Factor's of 18 U.S.C § 3553 (A) Support A Significant Reduction In Sentence.

The scope of any reduction in sentence must be determined based upon the factors and purposes enumerated in 18 U.S.C § 3553(a), including the needs to "provide just punishment for the offense," to "afford adequate deterrence" and "protect the



public" and to "provide the defendant with needed ... medical care." Id. Those needs would be best advanced in this case by imposition of a modified sentence of time served.

Mr. Robinson has already served a substantial portion of his sentence - more than 144 months out of 216 total. While to be sure the offense of which he was convicted is serious, a sentence of 144 months is not far outside the range contemplated by federal law, and represents "just punishment." And there is no reason to think that Mr. Robinson poses any risk of recidivism, or harm to the public. His prison reports disclose no infractions or disciplinary issues; he has engaged in significant and very high efforts at rehabilitation; and he has a very low probability of reoffending. e.g., Pepper v. United States, 562 U.S. 476, 492 (2011) (Post offense developments provide "the most up-to-date picture" of the defendant's history and characteristics, and "shed [] light on the likelihood that (he or she) will engage in future criminal conduct"). The proposed sentence would thus "afford adequate deterrence" and "protect the public."

The proposed sentence is "sufficient ... but not greater than necessary" to meet the sentencing goals of 18 U.S.C. § 3553 (a). That is the modified sentence that should be imposed.

Conclusion

For the foregoing reasons, the motion for compassionate release and reduction of sentence should be granted, and the defendant should be resentenced in accord with the sentence proposed.

Respectfully Submitted,

Date: May 9th, 2022

Reynard Robinson # 69544-067

Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954

RECEIVED
HARRISBURG, PA
MAY 24 2022
PER ______
DEPUTY CLERK

Peter J. Welsh
Office Of The Clerk
United States District Court
U.S. Courthouse
228 Walnut Street.
P.O. Box 983
HBG, PA 17108