BLD-243                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2324
_____

UNITED STATES OF AMERICA

v.

REYNARD VIRGIL ROBINSON, JR.
a/k/a Snowman, a/k/a Too Low,

                Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:10-cr-00249-001)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted on the Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 15, 2022

Before: MCKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: October 19, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Reynard Virgil Robinson, Jr., appeals from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). For the reasons that follow, we grant the Government's motion and will affirm the District Court's ruling.

In January 2011, Robinson pleaded guilty to possession of a firearm in furtherance of a drug-trafficking crime. Robinson was subsequently sentenced to 216 months of imprisonment and 3 years of supervised release. His direct appeal was unsuccessful, as was his motion to vacate under 28 U.S.C. § 2255.

Between July 2020 and February 2022, Robinson filed six motions for compassionate release. See Dkt Nos. 53, 67, 71, 75, 77, 79. Each were denied by the District Court. In May 2022, Robinson filed his seventh motion for compassionate release. Dkt No. 82. In his motion, Robinson argued that the following circumstances were extraordinary and compelling, justifying compassionate release: his fear of COVID-19 infection while incarcerated; incessant prison lockdowns due to COVID-19; his need to provide full-time care to his ill mother; and his need to assist in the caretaking of his children. Additionally, Robinson alleged that a balancing of the sentencing factors weighs in favor of release, given his prison record, low risk of recidivism, and overall rehabilitation. The District Court denied the motion on July 6, 2022, and Robinson timely appealed. Dkt Nos. 83 & 86. The Government filed a motion for summary affirmance. Robinson did not file a response, and the time for doing so has closed.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United

States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Thus, "we will not disturb the District Court's decision unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (alteration in original) (internal quotation marks omitted). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. We agree with the Government that the appeal does not present a substantial question because the District Court did not abuse its discretion in denying Robinson's § 3582 motion.

Under § 3582(c)(1)(A)(i), a district court may reduce a prison term if "extraordinary and compelling reasons warrant such a reduction." Before it may grant release or modification, however, the court must consider the sentencing factors under 18 U.S.C. § 3553(a) "to the extent they are applicable." Id. § 3582(c)(1)(A).

There is no indication that the District Court "committed a clear error of judgment" when it concluded that the circumstances presented by Robinson did not amount to extraordinary and compelling reasons that justify release. With respect to Robinson's concerns regarding COVID-related prison conditions, Robinson did not point to any health conditions placing him at a higher risk of serious illness from COVID-19, nor did he describe any circumstances setting him apart from other incarcerated individuals. Robinson's generalized concerns are insufficient to constitute extraordinary and compelling reasons. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate

release"). Similarly, we cannot conclude that the District Court abused its discretion in determining that Robinson's allegations that he needs to act as a daily caregiver to his ailing mother and assist with raising his children also do not rise to the level of extraordinary and compelling.

In any event, even if Robinson had shown an extraordinary and compelling reason, we discern no abuse of discretion in the District Court's analysis of the sentencing factors under § 3553(a). Cf. United States v. Tinker, 14 F.4th 1234, 1238–39 (11th Cir. 2021) (per curiam) (holding that courts may assume extraordinary and compelling reasons and deny release based on the § 3553(a) factors alone). The District Court clearly addressed a number of the relevant factors—including Robinson's long criminal history, the seriousness of his conduct in this case, and the already reduced agreed-upon sentence—that weighed against compassionate release. While Robinson argues that evidence of his rehabilitation while incarcerated should outweigh the other factors, mere disagreement with the District Court's judgment is insufficient to demonstrate abuse of discretion. Cf. United States v. Seibert, 971 F.3d 396, 402 (3d Cir. 2020); United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008).

Accordingly, we grant the Government's motion for summary action and will affirm the District Court's judgment